IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED
JAN 18 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

WYNDHAM VACATION RESORTS, §
§
Plaintiff, §
§
v. § NO. SA-10-CA-678-H
§
CARL PIPOLY, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

This is a civil action for damages and injunctive relief, with jurisdiction asserted on the basis of diversity of citizenship and jurisdictional amount. As with every civil action filed in this Court, a threshold question is the presence or absence of subject matter jurisdiction. Defendant Pipoly has raised that question in a motion to dismiss the Plaintiff's Third Amended Complaint. The Court has reviewed that Complaint and finds that although it adequately alleges that the Plaintiff and the Defendant are citizens of different states,[1] it does not adequately allege or establish the element of amount in controversy. Therefore, the Plaintiff's Third Amended Complaint should be dismissed without prejudice.

---

[1] The Plaintiff's Second Amended Complaint did not adequately allege diversity of citizenship. On November 26, 2010, the Court entered an order directing the Plaintiff to amend its Complaint to allege diversity of citizenship in a proper manner (Docket No. 17).

1

Plaintiff Wyndham Vacation Resorts, Inc., based in Orlando, Florida, develops, manages, and sells vacation ownership properties, including the ownership interests known as "timeshares." It boasts more than 500,000 owners of vacation units and/or timeshares (Third Amended Complaint, paragraph 5). According to its pleadings, one James Faucett was formerly employed as one of its salesmen in San Antonio, Texas. In December 2008, Plaintiff Wyndham discharged Faucett for failure to comply with company policy. Faucett reacted to his discharge by founding "Advocates Against Timeshare Fraud" (AATF), the avowed purpose of which was to help timeshare owners get out of their contracts with Wyndham and possibly other timeshare companies. Faucett's efforts met with some success, as some of Wyndham's customers demanded refunds.[2]

In its Third Amended Complaint, Wyndham portrays Faucett as a 21st Century version of Lucifer,[3] Applegate,[4] or Scratch.[5] For example, Wyndham alleges that Faucett formed AATF "out of spite" (Complaint, paragraph 21); that his motive was to "seek revenge" on Wyndham (Para. 22); that he trespassed on Wyndham property "dressed

---

[2] Wyndham has a separate civil action pending against Faucett. See Wyndham Vacation Resorts, Inc. v. James Franklin Faucett, Cause No. SA-10-CA-803.

[3] See Milton, Paradise Lost (1647).

[4] See Wallop, The Year the Yankees Lost the Pennant (1954).

[5] See Benet, The Devil and Daniel Webster (1937).

2

all in black" (Para. 32); that when asked to explain his presence, He "smirked" (Para. 37); and that he went to a dumpster and retrieved paperwork which had been discarded as trash (Para. 40).[6] Wyndham goes on to allege that Faucett gave timeshare owners tape recorders to record conversations with Wyndham salesmen (Para. 27), and that Faucett personally falsely identified himself as representing a "consumer advocacy group" and made pretext telephone calls to Wyndham salesmen (Para. 45).[7]

The Defendant in this case is not Faucett, but Carl Pipoly, a practicing attorney in San Antonio. Acting as an attorney for two families named Word and O'Neall who were timeshare customers of Wyndham, Pipoly has filed state court lawsuits in Bexar County, Texas seeking rescission of their timeshare contracts.[8] Wyndham alleges that Pipoly hired Faucett as a consultant in connection with the Word litigation and paid him a fee. According to Wyndham's theory of the case, the employment of Faucett had a dual purpose: (1) to furnish Pipoly with inside information about

---

[6] Compare *Othello*, Act III, Scene 3: "Who steals my purse steals trash."

[7] The tactics attributed to Faucett closely parallel those utilized by Wyndham to gather evidence justifying Faucett's discharge (Third Amended Complaint, p.5, n.1). This irony appears lost on Wyndham.

[8] Pipoly allegedly represents a third timeshare family named Cofer, but apparently has never filed a lawsuit on their behalf.

Wyndham's policies and practices for his use in the Word litigation, and (2) to steer other disgruntled timeshare owners to Pipoly as clients.[9]

This brings us to the problem of the amount in controversy. Although it is undisputed that Pipoly is an attorney representing clients in litigation adverse to Wyndham, that litigation has not been concluded, and no judgments have been obtained. Amount in controversy cannot be based on the results of that pending litigation, because no results have been obtained. Although Plaintiff's Third Amended Complaint contains no fewer than 129 paragraphs, only one (Para. 74) makes any reference to amount in controversy. That Paragraph alleges that Wyndham refunded $175,000 to five families of timeshare owners who terminated their timeshare contracts with Wyndham. However, none of those families (Jenkins, Ball, Daniels, Lopez, and Bearden) were represented by Pipoly in litigation or negotiation with Wyndham. To make a long story short, the Third Amended Complaint fails to establish, or even to raise an inference, that the amount in controversy in this case is in excess of $75,000.00. Accordingly, the case should be dismissed without prejudice for lack of subject matter jurisdiction.

---

[9] If Faucett was expected to steer clients to Pipoly, the results were disappointing. There is no indication that Pipoly has filed a lawsuit on behalf of any other timeshare owner.

Although it is not necessary to the decision in this case, the Court is inclined to agree with Pipoly that in the act of filing and pursuing this lawsuit, Wyndham at least gives the appearance of attempting to intimidate Pipoly in connection with his conscientious efforts to represent clients adverse to Wyndham, or to retaliate against him for exercising his right to represent those clients in ongoing litigation. In light of the ruling with respect to subject matter jurisdiction, however, the Court will not engage in further discussion of the possible motives of Wyndham in suing Pipoly.

It is therefore ORDERED that the Defendant's motion to dismiss the above-styled and numbered cause be, and it is hereby, GRANTED.

It is further ORDERED that this cause be, and it is hereby, DISMISSED WITHOUT PREJUDICE.

SIGNED AND ENTERED this 12th day of January, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE